**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**


| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No.  1307005975 |
| | ) | |
| | ) | |
| ANGEL VELAZQUEZ, | ) | |
| | ) | |
| Defendant. | ) | |


Submitted: June 19, 2015
Decided: July 1, 2015

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT**

**DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
SHOULD BE DENIED.**

Diana Dunn, Esquire, Delaware Department of Justice, 820 N. French St. 7th Floor, Criminal Division, Wilmington, Delaware, 19801, Attorneys for the State.

Joseph Leager, Esquire, Office of the Public Defender,  820 N. French St. 3rd Floor, Wilmington, Delaware, 19801, Attorneys for Defendant.


**MANNING**, Commissioner

This 1st day of July, 2015, upon consideration of defendant Angel Velazquez's Motion for Postconviction Relief, the Court finds the following:

## FACTS AND PROCEDURAL HISTORY

Velazquez was convicted of the sole count of the indictment, Escape After Conviction, 11 *Del. C*. § 1253, following a jury trial on April 25, 2014. Sentencing was then scheduled for May 30, 2014. On May 5, 2014, Velazquez, thru defense counsel, filed a letter with the Court moving for a Judgment of Acquittal.[1] Prior to sentencing the State filed a petition to have Velazquez sentenced as a Habitual Offender pursuant to 11 *Del. C*. § 4214(a). Sentencing was continued until July 18, 2014, to allow the State time to respond to Velazquez's motion, which it did on June 13, 2014.

At sentencing on July 18, 2014, following argument by counsel for both parties, the Court orally denied Velazquez's motion for Judgment of Acquittal.[2] The Court then granted the State's petition to declare Velazquez a Habitual Offender, sentencing him to the minimum mandatory period of incarceration possible—eight years at Level V.[3]

## DEFENDANT'S RULE 61 MOTION

Velazquez timely filed his first motion, *pro se*, for postconviction relief with this Court on May 27, 2015. Velazquez's single claim for postconviction relief, in its entirety, is:

> Escape: Is defined as the criminal offense of fleeing custody[.] The evidence only Shows defendant missed curfew, which "could" be, not shall be, declared an escape and defendant made his way back to the Plumber Center the following morning with no misconduct or public safety concern.[4]

---

[1] D.I. 17.
[2] Sentencing Tr. at 16.
[3] *Id*. at 26.
[4] Def.'s motion at 3.

## ANALYSIS

Velazquez's claim does not fall within the usual gambit of claims for post conviction relief. Rather, Velazquez's argument appears to be that he simply should not have been convicted of the crime based on his conduct and the definition of "escape" he propounds. Velazquez does not argue that his counsel made any professional errors leading to his conviction.[5] Therefore, the Court will dispense with the usual *Strickland* ineffective assistance of counsel legalese and analysis.[6]

Velazquez's postconviction argument has been previously made—twice now. The first time by his counsel at trial to the jury in summation[7], and second, in the motion for Judgment of Acquittal filed prior to sentencing on his behalf. In both instances, the argument was made that failing to return on-time to the Plumber Center from a day-pass—but returning nonetheless—does not make a person guilty of Escape after Conviction. Unfortunately for Velazquez, this argument was rejected by both the jury and the trial judge, on its merits.[8] Because Velazquez's argument was previously made and adjudicated, it is procedurally barred under Superior Court Criminal Rule 61(i)(4).[9] A reviewing court need not further consider the merits of a Rule 61 motion if the motion is procedurally barred.[10]

---

[5] Velazquez seems to concede, by virtue of the wording of his claim that his conduct "could" have constituted an escape, but yet he *should* not have convicted. Considering that this motion is *pro se*, the Court will not dwell on this inconsistency.

[6] *Strickland v. Washington*, 466 U.S. 668 (1984).

[7] Tr. at 160 – 174.

[8] The Court would note that Velazquez's "escape" argument is contrary to prevailing Delaware law in any event. *See Holmes v. State*, 99 A.3d 227 (2014), 2014 WL 3559686, at *3 (holding that "[s]ection 1253 is not limited to defendants who escape prison by force. Section 1253 also applies to defendants [] who fail to return to custody.").

[9] Rule 61(i)(4) Former adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

[10] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

For the foregoing reasons, Velazquez's Motion should be DENIED.

**IT IS SO RECOMMENDED.**


                                         /s/ *Bradley V. Manning*
                                         BRADLEY V. MANNING,
                                         Commissioner


oc:     Prothonotary
cc:     Defendant